■ CAROL HARKER, Respondent, v. DONALD G. CHASE, Appellant.— STALEY, JR., J. Appeal by defendant (1) from a judgment in the sum of $7,000 in favor of plaintiff entered upon a jury's verdict rendered at a Trial Term of Supreme Court held in Rensselaer County; (2) from an order denying defendant's motion to set aside the verdict as contrary to the weight of evidence; and (3) from an order denying defendant's motion to set aside the verdict as excessive. Plaintiff was injured when the automobile which she was operating collided with an automobile owned and operated by the defendant at the intersection of State and Fourth Streets in the City of Troy, New York. Plaintiff was operating her automobile in a westerly direction on State Street and the defendant was operating his automobile in a northerly direction on Fourth Street, both streets being one-way streets. The main issue raised on this appeal is whether or not plaintiff was guilty of contributory negligence as a matter of law. Plaintiff testified that there was a stop sign for traffic, westerly on State Street, and, as she approached the intersection of State and Fourth Streets, she brought her automobile to a complete stop at a point where she was sitting in her automobile, opposite the stop sign, as mounted on a pole on the south side of State Street. Plaintiff waited for one automobile to pass traveling northerly on Fourth Street and, after looking to her left, the direction in which traffic was approaching on Fourth Street, and seeing no cars coming, and after waiting approximately 30 seconds in a stopped position, she proceeded into the intersection traveling approximately 5 miles per hour. The impact took place in the intersection with the left front side of plaintiff's automobile colliding with the right front fender of the defendant's automobile. On this appeal, the defendant does not make any contention that he was not negligent. The Trial Judge charged, in part, the following sections of the Vehicle and Traffic Law: Section 375 (subds. 1, 2, par. [a]; section 1110 (subd. [a]); section 1120 (subd. [a]-5); section 1140 (subds. [a], [b]); section 1142 (subd. [a]); section 1162; section 1172 (subd. [a]); section 1180 (subds. [a], [c]). And, in response to a question submitted by the jury during its deliberations, the Trial Judge recharged section 1120 (subd. [a], par. 5); section 1140 (subds. [a], [b]); section 1142 (subd. [a]); and section 1172 (subd. [a]). An examination of defendant's Exhibit A which is a photograph of the intersection of State and Fourth Streets, shows that the position of the stop sign on State Street was a few feet behind the easterly marked boundary of the crosswalk at that corner and, according to plaintiff's testimony, her car, as stopped for the stop sign, complied with the provisions of subdivision (a) of section 1172 of the Vehicle and Traffic Law. The testimony of the plaintiff as to the operation of her automobile from the time she stopped for the stop sign up to the time of the collision, particularly in the light of the provisions of the Vehicle and Traffic Law, as charged by the trial court, presented a question of fact for the jury to determine relative to her negligence, or freedom from negligence, and cannot be held on this record as constituting negligence as a matter of law. (See *Notafrancesco* v. *Van Bruggen*, 25 A D 2d 803.) The defendant further contends that plaintiff's doctor's answer to a question that another doctor, a neurosurgeon, who did not testify, had confirmed the witness's opinion that plaintiff sustained a whiplash injury to the cervical spine which was allowed to stand over objection, was prejudicial error requiring a new trial. Although the manner in which the

answer was phrased resulted in inadmissible hearsay, the extensive medical testimony relative to plaintiff's injuries outbalances and overcomes any element of prejudice in this one answer. The remaining issue raised deals with the question of the amount of the verdict and its claimed excessiveness. The accident occurred on December 21, 1963, and plaintiff was admitted to the hospital on December 22, 1963, and remained there until her discharge on January 15, 1964. She experienced continuous pain during her hospitalization, which continued three or four months after her discharge. During her hospitalization, she was in head traction part of the time, had to be catheterized, and her bladder was examined by means of a cystoscope operation. After her discharge, she continued to take medication and wore a neck brace or cervical collar for approximately 18 months after the accident. Her hospital bill amounted to $956; her doctor's bill amounted to $280, and her lost earnings amounted to about $350. The uncontradicted medical testimony of the plaintiff's witness, in addition to her own testimony relating to her injuries, sufficiently substantiates the amount of the verdict as reasonable and not excessive. Judgment and orders affirmed, with costs. Gibson, P. J., Herlihy and Reynolds, JJ., concur.